# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSESPH DIVISION

| | | |
|---|---|---|
| **PASHAIA BROOKS,** | ) | |
| Individually And on Behalf of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| **RES-CARE, INC.** | ) | |
| d/b/a BRIGHTSPRING HEALTH | ) | |
| SERVICES | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NOTICE OF REMOVAL

Defendant Res-Care, Inc. ("Defendant") gives notice of the removal of this action from the Circuit Court of Clinton County, Missouri at Plattsburg to the United States District Court for the Western District of Missouri, St. Joseph Division, showing the Court as follows:

## INTRODUCTION

1.      On August 23, 2021, Plaintiff Pashaia Brooks ("Plaintiff") filed a putative Class Action Complaint against Defendant in the Circuit Court of Clinton County, Missouri at Plattsburg Case No. 21CN-CC00045 ("Complaint"), alleging that Defendant violated and is liable under the Fair Credit Reporting

Act, 15 U.S.C. §1681 ("FCRA"), a federal statute. *See, generally* Complaint. A true and correct copy of the Complaint is attached as **Exhibit A** filed with this notice.

2.      Plaintiff served Defendant with the Complaint on or about August 27, 2021. *Id.* No other process, pleadings or orders have been served on Defendant.

3.      Defendant has not yet answered or otherwise responded to the Complaint.

4.      This Notice of Removal is timely filed under 28 U.S.C. §1441(b) because it is filed within 30 days after service on Defendant of the Complaint, which asserts a claim arising under a federal statute.

## GROUNDS FOR REMOVAL

5.      This action may be removed under 28 U.S.C. §1441(a) because this Court has original jurisdiction over this action under 28 U.S.C.§1331.

**I.    Federal Question Jurisdiction Exists Under 28 U.S.C. §1331.**

6.      A district court has federal-question subject matter jurisdiction when an action arises under the Constitution, laws, and treatises of the United States. *Alame v. Mergers Mktg.*, No. 5:17-CV-06066-BCW, 2017 U.S. Dist. LEXIS 151746 *2 (W.D. Mo. 2017) (citing 28 U.S.C. §1331).

7.      The "presence or absence of a federal-question jurisdiction is governed by the 'well-pleaded complaint rule', which provides that federal question only

2

exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8.  Plaintiff's cause of action purports to allege violations arising under the laws of the United States. Specifically, the Complaint alleges that Defendant violated the FCRA. *See generally,* Complaint.

9.   Therefore, this Court has original jurisdiction over the State court Action and Defendant has the right to remove this action pursuant to 28 U.S.C. §1441(a).

## II.  Defendant has Satisfied All Removal Requirements

10.  This Notice of Removal has been filed within 30 days of service of the Complaint on the Defendant and is, therefore, effected properly and timely in compliance with 28 U.S.C. § 1446(b).

11.  Based upon the allegations in Plaintiff's Complaint, the proper venue for removal of this action under 28 U.S.C. §105(b)(3) is the United States District Court for the Western District of Missouri, St. Joseph Division, because this District includes the Circuit Court of Clinton County, Missouri at Plattsburg where this action was originally filed.

12.   Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will  be promptly

served on Plaintiff's counsel and filed with the Clerk of the Clinton County Circuit Court. True and correct copies of the Notice to Plaintiff of Removal and Notice to Circuit Court of Removal are attached as **Exhibits B** and **C** respectively. Accordingly, all procedural requirements under 28 U.S.C. §1446 have been satisfied.

WHEREFORE, Defendant respectfully gives notice that the action now pending in the Circuit Court of Clinton County, Missouri is hereby removed to the United States District Court for the Western District of Missouri.

Respectfully submitted,

**HAWKINS PARNELL & YOUNG, LLP**

/s/ J.R. Schultz
J.R. Schultz, #67520MO
10 South Broadway, Suite 1300
St. Louis, MO 63102
Telephone: (314) 678-8600
Facsimile: (314) 678-8686
Email: jschultz@hpylaw.com

And

Ronald G. Polly, Jr.
(*to apply pro hac vice*)
Georgia Bar No. 583264
rpolly@hpylaw.com
Matthew A. Boyd
Georgia Bar No. 027645
mboyd@hpylaw.com
303 Peachtree Street N.E., Suite 4000
Atlanta, Georgia 30308
Telephone: (404) 614-7400
Facsimile: (404) 614-750

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## ST. JOSESPH DIVISION

| | | |
|---|---|---|
| **PASHAIA BROOKS,** | ) | |
| Individually And on Behalf of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| **RES-CARE, INC.** | ) | |
| d/b/a BRIGHTSPRING HEALTH | ) | |
| SERVICES | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the forgoing **NOTICE OF REMOVAL** has been filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the filing to the attorneys of record, and has also been served by placing a copy of it in the United States mail, first class, postage prepaid and properly addressed as follows:

C. Jason Brown MO #49952
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax:816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF


This 27th day of September, 2021.


*/s/ J.R. Schultz*

J.R. Schultz
*Attorney for Defendant Res-Care,*
*Inc.*

# EXHIBIT A

Electronically Filed - Clinton - August 20, 2021 - 10:13 AM

**IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI
AT PLATTSBURG**

| | |
|---|---|
| **PASHAIA BROOKS,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **RES-CARE, INC.** ) | |
| **d/b/a BRIGHTSPRING HEALTH** ) | |
| **SERVICES** ) | |
| Registered Agent ) | |
| Corporation Service Company ) | |
| 421 West Main Street ) | |
| Frankfort, KY  40601 ) | |
|     Defendant. ) | |

<u>**PETITION**</u>

    **COMES NOW** the Plaintiff, Pashaia Brooks, by and through her attorneys, and

on behalf of herself, the Putative Classes set forth below, and in the public interest, brings

the following class action Petition against Defendant, Res-Care, Inc., ("Defendant"),

pursuant to the Fair Credit Reporting Act ("FCRA").

<u>**PRELIMINARY STATEMENTS**</u>

1.    Plaintiff brings this action against Defendant for violations of the FCRA.

2.    Defendant obtained information concerning the Plaintiff from a Consumer

    Reporting Agency.

3.    Defendant paid a fee for the information it obtained concerning the Plaintiff.

4.    The information the Defendant obtained from the Consumer Reporting Agency,

    concerning the Plaintiff, was a Consumer Report (as a Consumer Report is

    defined pursuant to the FCRA).

5.    Defendant relies on information in Consumer Reports to make decisions

regarding prospective or current employees.

6.      Defendant relies on information in a Consumer Report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7.      Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8.      On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

**PARTIES**

9.      Plaintiff Brooks is a resident of Independence, Missouri.    Plaintiff is a member of the Putative Classes defined below.

10.     Defendant is a foreign company doing business in Missouri and throughout the United States.

**JURISDICTION AND VENUE**

11.     This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12.     Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

**FACTUAL ALLEGATIONS**

13.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14.     Plaintiff applied in person for employment with Defendant in or about July 20, 2021.

15.     Plaintiff interviewed with Defendant the same day she applied for employment.

16.     Plaintiff completed the paperwork and Defendant told her she was hired and they were waiting for her background check.

17.     Plaintiff was told that she would be working in Independence, Missouri and to call the Defendant the next day.

18.     Plaintiff called Defendant the next day and was told that her consumer report was still processing.

19.     Plaintiff received a phone call from Defendant on or about the next Wednesday and was told she passed the Family Registry but they were still waiting on First Advantage.

20.     Plaintiff proceeded to call the Defendant each day requesting an update, but was told the Consumer Report was still processing.

21.     Plaintiff received a phone call from Defendant approximately one week later and was told sorry for the delay and was asked if she had any felonies to which Plaintiff replied no.

22.     On or about August 5, 2021, Plaintiff received a phone call from Defendant telling her she could not work there due to her Consumer Report.

23.     Plaintiff turned down two offers of employment while waiting for the Defendant to obtain Plaintiff's Consumer Report.

24.     Plaintiff was not provided with a copy of her Consumer Report until more than a week after the adverse action.

25.     Terminating the Plaintiff because of information in her Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

26.     Plaintiff was not provided with a reasonable amount of time to review, explain,

challenge and/or otherwise address the information in her Consumer Report.

27. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon her Consumer Report.

28. Plaintiff was not given a copy of her Consumer Report prior to the adverse action.

29. Plaintiff has suffered stress and anxiety as a result of the termination of employment.

30. Defendant is contractually and statutorily bound to provide the Plaintiff with a copy of her Consumer Report before taking any adverse action based, in whole or in part, on information in the report.

31. On information and belief, Defendant contracted with the Consumer Reporting Agency that provided the Consumer Report that it would provide a copy of the Consumer Report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a Consumer Report.

32. The agreements made between the Defendant and the Consumer Reporting Agency require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

33. Defendant is aware of the FCRA.

34. Defendant has knowledge that it must comply with the FCRA.

35. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

36. Defendant's failure to provide the Plaintiff with a copy of the Consumer Report, a reasonable notice period in which to address the information in the Consumer

Report, and/or a written description of rights under the FCRA prior to the adverse action constitutes multiple violations of the FCRA.

37. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

38. The manner in which the Defendant obtained a Consumer Report on the Plaintiff is consistent with its policies and procedures governing the procurement of Consumer Reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

40. Plaintiff asserts the following proposed class defined as:

**ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after August 20, 2019, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of such report, a reasonable notice period in which to address the information contained in the Consumer Report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

### Numerosity

41. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

### Common Questions of Law and Fact

Electronically Filed - Clinton - August 20, 2021 - 10:13 AM

42.     Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a.  Whether Defendant uses Consumer Report information to conduct adverse actions on employees and prospective employees;

    b.  Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a Consumer Report, without first providing a copy of the report to the affected individuals;

    c.  Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to explain the contents of the consume report or cure any inaccuracy within the Consumer Report prior to the adverse employment action;

    d.  Whether the Defendant violated the contractual rights of the Plaintiff and other members of the Adverse Action class set forth in the form used to allegedly disclose and garner authorization to procure a Consumer Report;

    e.  Whether Defendant's violations of the FCRA were willful;

    f.  The proper measure of statutory damages and punitive damages.

## Typicality

43.     Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant obtains Consumer Reports on individuals before and/or without providing proper disclosure or obtaining authorization. Defendant typically uses Consumer Reports to conduct background checks on employees and prospective employees, but fails to provide the Consumer Report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members

and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

## Adequacy of Representation

**44.**   Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

## Superiority

45.   A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

46.   This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

47.   This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

48. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

49. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS
### Adverse Action Violations

50. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

51. Defendant regularly uses Consumer Reports within the hiring process.

52. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the

Plaintiff.

53. Defendant used information contained within the Plaintiff's Consumer Report, as defined by the FCRA, to take adverse employment action, and on information and belief, other members of the adverse action class.

54. Defendant failed to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.

55. Defendant failed to provide the Plaintiff and other adverse action class members with a reasonable time to address the information in the Consumer Report, explain the information in the Consumer Report, and/or or cure any inaccuracies within the Consumer Reports prior to the adverse action.

56. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

57. Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the Consumer Report.

58. Had the Defendant provided a timely copy of the Consumer Report the Plaintiff would possibly have been able to retain the employment with the Defendant.

59. Plaintiff was not provided with a reasonable amount of time to challenge any information contained within the Consumer Report before being denied employment.

60. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the Consumer Report.

61.   The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

62.   Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

63.   The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a.   Defendant has access to legal advice through outside employment counsel;

   b.   The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   c.   15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed if a Consumer Report was received concerning the consumer.

64.   Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

65.   Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

66.   Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).


**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a.  Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b.  Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.  Order directing proper notice to be mailed to the Putative Class at Defendants' expense;

d.  Order finding that Defendants committed multiple, separate violations of the FCRA;

e.  Order finding that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f.  Order awarding statutory damages and punitive damages as provided the FCRA;

g.  Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.  Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

Respectfully submitted,

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952

Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - August 20, 2021 - 10:13 AM

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### ST. JOSESPH DIVISION

| | | |
|---|---|---|
| **PASHAIA BROOKS,** | ) | |
| Individually And on Behalf of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | ) | |
| | ) | **DEFENDANT'S NOTICE TO** |
| **RES-CARE, INC.** | ) | **PLAINTIFF OF REMOVAL** |
| d/b/a BRIGHTSPRING HEALTH | ) | |
| SERVICES | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TO PLAINTIFF PASHAIA BROOKS INDIVIDUALLY AND ON BEHALF OF AL OTHERS  AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 24, 2021, Defendant Res-Care, Inc. removed the above action from the Circuit Court of Clinton County, Missouri at Plattsburg to the United States District Court for the Western District of Missouri pursuant to <u>28 U.S.C. §§ 1332</u>, <u>1441</u>, and <u>1446</u>.


This 27th day of September, 2021

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ J.R. Schultz*
J.R. Schultz, #67520MO
10 South Broadway, Suite 1300
St. Louis, MO 63102
Telephone: (314) 678-8600
Facsimile: (314) 678-8686
Email: jschultz@hpylaw.com
*Counsel for Defendant Res-Care, Inc.*

And

Ronald G. Polly, Jr.
(*to apply pro hac vice*)
Georgia Bar No. 583264
rpolly@hpylaw.com
Telephone: (404) 614-7400
Facsimile: (404) 614-7500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## ST. JOSESPH DIVISION

| | | |
|---|---|---|
| **PASHAIA BROOKS,** | ) | |
| Individually And on Behalf of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| **RES-CARE, INC.** | ) | |
| d/b/a BRIGHTSPRING HEALTH | ) | |
| SERVICES | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that a copy of the forgoing **NOTICE OF REMOVAL** has been filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the filing to the attorneys of record, and has also been served by placing a copy of it in the United States mail, first class, postage prepaid and properly addressed as follows:

C. Jason Brown MO #49952
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax:816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF


This 27th day of September, 2021.


/s/ J.R. Schultz

J.R. Schultz
*Attorney for Defendant Res-Care, Inc.*

# EXHIBIT C

## IN THE CIRCUIT COURT OF
## CLINTON COUNTY MISSOURI
## AT PLATTSBURG

| | | |
|---|---|---|
| **PASHAIA BROOKS,** | ) | |
| Individually And on Behalf of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 21CN-CC00045 |
| v. | ) | |
| | ) | |
| **RES-CARE, INC.** | ) | |
| d/b/a BRIGHTSPRING HEALTH | ) | |
| SERVICES | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

NOTICE IS HEREBY GIVEN that the above-captioned case has been removed

to the United States District Court for the Western District of Missouri, St. Joseph

Division, in accordance with the provisions of 28 U.S.C. §§1441 and 1446. A copy

of Defendant's Notice of Removal is attached hereto as **Exhibit A.**

This 27th day of September, 2021

HAWKINS PARNELL & YOUNG, LLP

*/s/ J.R. Schultz*
J.R. Schultz, #67520MO
10 South Broadway, Suite 1300
St. Louis, MO 63102
Telephone: (314) 678-8600
Facsimile: (314) 678-8686
Email: jschultz@hpylaw.com
*Counsel for Defendant Res-Care, Inc.*

And

Ronald G. Polly, Jr.
(*to apply pro hac vice*)
Georgia Bar No. 583264
rpolly@hpylaw.com
Telephone: (404) 614-7400
Facsimile: (404) 614-7500

## IN THE CIRCUIT COURT OF
## CLINTON COUNTY MISSOURI
## AT PLATTSBURG

**PASHAIA BROOKS,** )
Individually And on Behalf of )
All Others, )
)
     Plaintiffs, )     Civil Action No. 21CN-CC00045
v. )
)
**RES-CARE, INC.** )
d/b/a BRIGHTSPRING HEALTH )
SERVICES )
)
     Defendant. )
_____ )

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that a copy of the forgoing **NOTICE OF REMOVAL** has been filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the filing to the attorneys of record, and has also been served by placing a copy of it in the United States mail, first class, postage prepaid and properly addressed as follows:

C. Jason Brown MO #49952
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax:816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF


This 27th day of September, 2021.


/s/ J.R. Schultz

J.R. Schultz
*Attorney for Defendant Res-Care, Inc.*